1

2

3

4

5

6

7

8

9

10

FILED

13 OCT 22  PM 4: 07

CLERK U S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

12

DAVID MICHAEL PACHECO,
CDCR #F-32246,

13

Plaintiff,

14

15

16

vs.

17

18

19

20

E. DUARTE; Z. LIMAS;
H. GROTH; M. VITELA;
G.R. TRUJILLO; G.J. JANDA,

21

22

23

Defendants.

24

Civil No.    13cv2334 WQH (WVG)

**ORDER:**

**(1)  GRANTING PLAINTIFF'S
MOTION TO PROCEED *IN
FORMA PAUPERIS*, IMPOSING
NO INITIAL PARTIAL FILING FEE
AND GARNISHING BALANCE
FROM PRISONER'S TRUST
ACCOUNT PURSUANT
TO 28 U.S.C. § 1915(a)
(ECF Doc. No. 3);**

**(2)  DENYING MOTION FOR
APPOINTMENT OF COUNSEL
PURSUANT TO 28 U.S.C. § 1915(e)(1)
(ECF Doc. No. 4);**

**AND**

**(3)  DIRECTING U.S. MARSHAL TO
EFFECT SERVICE OF COMPLAINT
PURSUANT TO FED.R.CIV.P. 4(c)(3)
& 28 U.S.C. § 1915(d)**

25

26

27

28

David Michael Pacheco ("Plaintiff"), a state inmate currently incarcerated at Calipatria

State Prison located in Calipatria, California, and proceeding in pro se, has filed a civil rights

Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated

by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")

1  pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 3), as well as a Motion for Appointment of

2  Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF Doc. No. 4).

3  **I.   MOTION TO PROCEED IFP**

4         All parties instituting any civil action, suit or proceeding in a district court of the United

5  States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

6  U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee

7  only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

8  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP

9  remains obligated to pay the entire fee in installments, regardless of whether his action is

10 ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847

11 (9th Cir. 2002).

12        Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

13 prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

14 statement (or institutional equivalent) for the prisoner for the six-month period immediately

15 preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,

16 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial

17 payment of 20% of (a) the average monthly deposits in the account for the past six months, or

18 (b) the average monthly balance in the account for the past six months, whichever is greater,

19 unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The

20 institution having custody of the prisoner must collect subsequent payments, assessed at 20% of

21 the preceding month's income, in any month in which the prisoner's account exceeds $10, and

22 forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.

23 § 1915(b)(2).

24        In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account

25 statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at

26 1119. Plaintiff's trust account statement indicates an insufficient amount of funds to pay an

27 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a

28 prisoner be prohibited from bringing a civil action or appealing a civil action or criminal

1    judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial

2    partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a

3    "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay

4    ... due to the lack of funds available.").

5        Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 3), and

6    assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

7    balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

8    pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

9    **II.    MOTION FOR APPOINTMENT OF COUNSEL**

10       Plaintiff also requests appointment of counsel in this matter.  *See* Pl.'s Mot. for Appoint.

11   Counsel (ECF Doc. No. 4) at 1.   The Constitution provides no right to appointment of counsel

12   in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the

13   litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28

14   U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.

15   This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*,

16   935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an

17   evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to

18   articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of

19   these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

20   (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

21       The Court denies Plaintiff's request without prejudice, as neither the interests of justice

22   nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,

23   827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

24   **III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

25       The PLRA also obligates the Court to review complaints filed by all persons proceeding

26   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

27   of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

28   conditions of parole, probation, pretrial release, or diversionary program," "as soon as

1  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

2  provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,

3  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

4  are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-

5  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

6  2010) (discussing 28 U.S.C. § 1915A(b)).

7       "[W]hen determining whether a complaint states a claim, a court must accept as true all

8  allegations of material fact and must construe those facts in the light most favorable to the

9  plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

10  152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

11  Rule of Civil Procedure 12(b)(6)").   In addition, courts "have an obligation where the petitioner

12  is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

13  petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)

14  (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however,

15  "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*

16  *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations

17  of official participation in civil rights violations are not sufficient to withstand a motion to

18  dismiss." *Id.*

19       As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua

20  sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  *See Lopez*, 203 F.3d at

21  1126-27. Accordingly, the Court further finds Plaintiff is entitled to U.S. Marshal service on his

22  behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and

23  perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service

24  be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed

25  *in forma pauperis* under 28 U.S.C. § 1915.").

26  / / /

27

28      [1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**IV.   CONCLUSION AND ORDER**

　　　Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

　　　1.　　Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF Doc. No. 4) is **DENIED** without prejudice.

　　　2.　　Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 3) is **GRANTED**.

　　　3.　　The Secretary of the CDCR, or his designee, shall collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

　　　4.　　The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Ph.D., Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

　　　**IT IS FURTHER ORDERED** that:

　　　5.　　The Clerk shall issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order  and a certified copy of his Complaint and summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon  Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

/ / /

/ / /

6.      Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: ___10/22/13___          _____

HON. WILLIAM Q. HAYES
United States District Judge