UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL PACHECO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>E. DUARTE, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 13-cv-02334-WVG<br><br>**ORDER DENYING MOTION TO CONTINUE THE PRETRIAL MOTION FILING DEADLINE**<br><br>**(Doc. No. 77)** |

## I.　INTRODUCTION

Before the Court is Defendants' Ex Parte Motion to Continue the Pretrial Motion Filing Deadline to March 25, 2016 (Doc. No. 77.). Defendants have not demonstrated good cause for the continuance, and the Court therefore **DENIES** the motion.

## II.　BACKGROUND

This is a civil rights action under 42 U.S.C. § 1983 brought by Plaintiff David Michael Pacheco, a state prisoner appearing *pro se*. On February 18, 2015, the Court held a case management conference and entered a case management order setting deadlines for discovery and other pretrial proceedings, including a cut-off date of February 9, 2016 for all pretrial motions other than motions to amend the pleading, join parties, or motions in limine. (Doc. No. 52.) On February 8, 2016, Defendants filed the motion currently before the Court.

## III. DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides that the scheduling order "may be modified only for good cause and with the judge's consent." The primary consideration under Rule 16(b)(4)'s "good cause" standard is "the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Indeed, "[a]though the existence or degree of prejudice to [an adversary] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.* "Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation." *Dunfee v. Truman Capital Advisors, LP*, 2013 WL 5603258, at *3 (S.D. Cal. Oct. 11, 2013) (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *6 (S.D.N.Y. Oct. 28, 2009)).

In this case, defense counsel has submitted a declaration in which he asserts that doctors' appointments and the competing needs of other cases prevented him from filing the motion for summary judgment by the date specified in the scheduling order. But the Court notes that counsel's last doctor's appointment was on November 13, 2015, almost two months prior to the deadline. Moreover, the declaration indicates that counsel's other work had been completed well before the deadline, with the last filing being on February 2, 2016. The Court cautions that the press of other business is rarely, if ever, justification for failing to abide by a scheduling order. *See id.* at 4. To the contrary, counsel's statement that his case load left him with little time to complete the work on Defendants' motion for summary judgment undermines his argument that he was diligent in this case. *See Mondares v. Kaiser Found. Hosp.*, 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) ("[O]ther trials and a busy schedule do nothing to advance Plaintiff's burden to show she was diligent in *this* case.").

Furthermore, counsel has offered no justification for waiting until the very eve of the motion cut-off to file this request. In doing so, counsel unjustifiably assumed that the Court would automatically grant the motion. Counsel was aware of his busy schedule well in advance of the deadline, yet he did not request an extension until the last possible moment. This demonstrates a lack of diligence not only in litigating the case, but also in seeking to amend the scheduling order once the necessity of such an amendment became apparent.

Counsel also made no effort to meet and confer with Plaintiff prior to filing this request. Chambers Rules require that any requests to amend a scheduling order be made by filing a joint motion. Judge Gallo's Chambers' Rules (Civil), Rule III. Counsel opted to circumvent this requirement by unilaterally filing the ex parte motion. Plaintiff's incarceration does not make communication impossible or excuse counsel from treating Plaintiff like any other litigant.

Finally, counsel unjustifiably assumes that Plaintiff, being incarcerated, will not be prejudiced by the requested continuance. This is an assumption that the Court is not prepared to make.

The Court therfore finds that Defendants have not shown good cause for the requested extension.

## IV. CONCLUSION

For the reasons state in this order, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

Dated:  February 12, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge