UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL PACHECO, CDCR #F-32246,<br><br>                    Plaintiff,<br><br>    vs.<br><br>E. DUARTE, et al.,<br><br>                    Defendants. | Civil No.   13-cv-2334 WVG (RBB)<br><br>**ORDER DENYING MOTION FOR ORDER TO APPOINT LEGAL WORKER BUT GRANTING APPOINTMENT OF PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. CAL. GEN. ORDER 596**<br><br>**[ECF Doc. No. 76]** |

David Michael Pacheco, ("Plaintiff"), a prisoner currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, is proceeding in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* Compl., ECF Doc. No. 1.

Plaintiff claims Defendants Duarte, Limas, Groth, and Vitela, all state correctional officers, violated the Eighth Amendment's prohibition of cruel and unusual punishment by using unnecessary and unreasonable force against him while

/ / /

/ / /

1

he was incarcerated at Calipatria State Prison on September 27, 2011.[1] *See* Compl. at 4. Plaintiff seeks $150,000 in general and $75,000 in punitive damages. *Id.* at 9.

## I. Procedural Background

Defendants Duarte, Groth, Limas, and Vitela filed an Answer to Plaintiff's Complaint on February 12, 2015 (ECF Doc. No. 50), but no motion for summary judgment before the motion cut-off date, and the discovery period has since expired. A final pre-trial conference is currently set for June 22, 2016. *See* ECF Doc. No. 68.

## II. Plaintiff's Motion for Order to Appoint Legal Worker

On January 15, 2016, Plaintiff filed a "Motion for Order to Appoint Legal Worker," ECF Doc. No. 76, in which he repeats a request to have the Court appoint Catrina Lorraine Balderrama, whom Defendants claim is Plaintiff's wife, as his "legal worker/assistant" in order to assist Plaintiff interview witnesses, investigate his claims, and help him prepare for the upcoming trial.[2] *Id.*, at 1, 3-4.

Plaintiff does not allege that Balderrama is an attorney licensed to practice law or admitted to the Southern District of California. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others.'" (*quoting Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also* S.D. CAL. CIVLR 83.11 "(Any person who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney."). Therefore, to the

---

[1] The Court dismissed Plaintiff's claims against Defendants Trujillo and Janda as alleged in his Complaint on respondeat superior grounds on July 24, 2014. *See* ECF Doc. No. 22. Plaintiff's attempt to amend his pleading against Trujillo and Janda was subsequently unsuccessful, and Trujillo and Janda were dismissed as parties on January 29, 2015. *See* ECF Doc. No. 49.

[2] Defendants objected to Plaintiff's previous request, *see* ECF Doc. No. 66, and the Court denied Plaintiff's prior motion seeking Balderrama's assistance on grounds that Balderrama was allowed to visit him regularly, and Plaintiff had adequate access to the prison law library. *See* ECF Doc. No. 67.

extent Plaintiff asks that this Court appoint Balderrama, or any non-lawyer to represent him, his request must be denied.

However, "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles Cnty*, 339 F.3d 920, 925 (9th Cir. 2003) (citations omitted). Therefore, to the extent Plaintiff's Motion may also be liberally construed a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) and under "Plan of the United States District Court for the Southern District of California for the Representation of Pro Se Litigants in Civil Cases," as adopted by S.D. Cal. General Order 596, the Court finds Plaintiff's case is suitable for referral to its Pro Bono Panel.

### III.   Appointment of Counsel

While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Applying these standards to this case, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has located volunteer pro bono counsel for purposes of representing Plaintiff during all further proceedings in this Court up to and including trial. The Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See id.*

In this case, no summary judgment motion was filed. However, Plaintiff remains an indigent prisoner and is about to proceed to trial as an unassisted layperson, just as he would if summary judgment had been denied. Therefore, the Court has concluded the ends of justice would be served by the appointment of

counsel under the circumstances, and has located a volunteer attorney who has graciously accepted its request to represent Plaintiff pro bono during further proceedings before this Court, and in this case only. *See* 28 U.S.C. § 1915(e)(1); S.D. CAL. GEN. ORDER 596.

### IV.  Conclusion and Order

Accordingly, the Court hereby DENIES Plaintiff's Motion for Order to Appoint Legal Worker but GRANTS and APPOINTS Kurt W. Hallock, of the Law Office of Kurt W. Hallock, 1232 Wilbur Avenue, San Diego, California, 92109, as Pro Bono Counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and S.D. Cal. Gen. Order 596 [ECF Doc. No. 76].

Pursuant to S.D. CAL. CIVLR 83.3(g)(2), Pro Bono Counsel shall file, within fourteen (14) days of this Order if at all possible, given the restrictions posed by Plaintiff's current place of incarceration, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. Such substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. CAL. CIVLR 83.3(g)(1), (2).

The Court further DIRECTS the Clerk of the Court to serve Mr. Hallock with a copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3(f)(2).

IT IS SO ORDERED.

DATED:  March 10, 2016

Hon. William V. Gallo
U.S. Magistrate Judge